IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CERAMEDIC LLC,<br><br>          Plaintiff,<br><br>      v.<br><br>CERAMTEC GMBH and<br>CERAMTEC NORTH AMERICA CORP.,<br><br>          Defendants. | Civil Action No.    6:14-3104-TMC<br><br><br>**JURY DEMAND** |

## COMPLAINT

CeraMedic LLC ("CeraMedic") hereby asserts claims of patent infringement against CeramTec GmbH and CeramTec North America Corp. ("CTNA") (collectively, "CeramTec"), and alleges as follows:

## THE PARTIES

1. CeraMedic is a Florida limited liability company having a place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2. On information and belief, CeramTec GmbH is a German Gesellschaft mit beschränkter Haftung (limited liability company) having a principal place of business at CeramTec-Platz 1-9, 73027 Plochingen, Germany.

3. On information and belief, CeramTec North America Corp. is a Delaware corporation with a principal place of business at One Technology Place, Laurens, South Carolina 29360, United States of America.

4. On information and belief, CeramTec North America Corp. is a wholly-owned subsidiary of CeramTec GmbH.

**PATENT-IN-SUIT**

5. U.S. Patent No. 6,066,584 ("the '584 patent"), entitled "Sintered $AL_2O_3$ Material, Process for Its Production and Use of the Material" was lawfully issued on May 23, 2000, with the original assignee Fraunhofer-Gesellschaft zur Förderung der Angewandten Forschung e.V., Germany ("Fraunhofer"). CeraMedic is the owner, through assignment, of the title, interest, and rights to enforce and collect damages for all past, present, and future infringements of the '584 patent by the accused products and the use thereof. A copy of the '584 patent is attached as Exhibit A.

**BACKGROUND**

6. Fraunhofer is Europe's largest application-oriented research organization. Its research efforts are geared entirely to people's needs: health, security, communication, energy and the environment. As a result, the work undertaken by its researchers and developers has a significant impact on people's lives. Fraunhofer was honored by Thomson Reuters as one of the Top 100 Global Innovators in 2013.

7. Fraunhofer is the assignee of over 1,500 U.S. patents and was the original assignee of the '584 patent. In early 2014, Fraunhofer assigned ownership of the '584 patent to CeraMedic.

8. The '584 patent relates to the field of ceramics and concerns sintered $Al_2O_3$ compositions and methods for the use of such material as medical implants or tool material.

9. On information and belief, CeramTec GmbH developed and manufactures BIOLOX® Delta, an aluminum oxide matrix composite ceramic comprising approximately 82% alumina ($Al_2O_3$), 17% zirconia ($ZrO_2$), and other trace elements.

10.     On information and belief, CeramTec is knowledgeable about the science behind BIOLOX® Delta material, including its composition, performance characteristics, and manufacture.

11.     CeramTec knew of the '584 patent at least as of December 8, 2005, when CeramTec GmbH requested of Fraunhofer a worldwide, non-exclusive patent license to EP 0756586 B1 ("EP 586") and its U.S. counterpart, the '584 patent, among other patents. On February 15, 2011, Fraunhofer further sought to reach a licensing agreement with CeramTec GmbH as to EP 586 family patents, including the '584 patent, specifically identifying BIOLOX® Delta products as infringing products.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

13.     This Court has personal jurisdiction over CeramTec GmbH because, on information and belief, CeramTec GmbH offers to sell and sells BIOLOX® Delta ceramics to its subsidiary CTNA within this District, which BIOLOX® Delta ceramics infringe the '584 patent; CeramTec GmbH induces CTNA to commit patent infringement in this District, including inducing CTNA to sell, offer to sell, and import BIOLOX® Delta ceramics, which BIOLOX® Delta ceramics infringe the '584 patent; and CeramTec GmbH engages in substantial and ongoing business in this District through its wholly-owned subsidiary CTNA.

14.     This Court has personal jurisdiction over CTNA because, among other things, CTNA's headquarters are located in Laurens, South Carolina, and because, on information and belief, CTNA engages in substantial and ongoing business in this District.

3

15. On information and belief, CTNA imports, offers to sell, and sells BIOLOX® Delta ceramics, which infringe the '584 patent, in this district.

16. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and in this division pursuant to Local Civil Rule 3.01(A) DSC.

## COUNT I – INFRINGEMENT OF THE '584 PATENT

17. CeraMedic realleges and incorporates by reference each of the preceding paragraphs.

18. On information and belief, CeramTec GmbH and CTNA, directly or through the actions of their employees, divisions, and/or subsidiaries, have infringed and continue to infringe the '584 patent directly, literally, and/or by equivalents.

19. On information and belief, CeramTec GmbH has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, offering for sale and selling BIOLOX® Delta ceramics to CTNA in this District.

20. On information and belief, CeramTec GmbH has induced and continues to induce infringement of the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(b). CeramTec GmbH has, with intent, encouraged and continues to encourage its wholly-owned and controlled subsidiary CTNA to import BIOLOX® Delta ceramics in this District and to sell and offer to sell BIOLOX® Delta ceramics in this District and in the United States. Such importation, sales, and offers for sale of BIOLOX® Delta ceramics by CTNA in the United States constitute infringement of the '584 patent under 35 U.S.C. § 271(a) and 35 U.S.C. § 271(g).

21. On information and belief, CeramTec GmbH has proceeded in this manner despite actual knowledge of the '584 patent and of the '584 patent's coverage of BIOLOX®

Delta ceramics, as described above in paragraph 11. At a minimum, CeramTec GmbH would have had to take deliberate actions to avoid confirming the high probability of the fact that CTNA's importation, sales, and offers for sale of BIOLOX® Delta ceramics in the United States constitute infringement of the '584 patent, such that CeramTec GmbH has been and continues to be willfully blind.

22. On information and belief, CeramTec GmbH has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(g) by, among other things, offering for sale and selling BIOLOX® Delta ceramics manufactured outside of the United States by CeramTec GmbH to CTNA in this District, which manufacture by CeramTec GmbH would infringe the '584 patent if it occurred in the United States.

23. On information and belief, CTNA has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(a) by, among other things, importing BIOLOX® Delta ceramics, and offering for sale and selling BIOLOX® Delta ceramics to medical device companies and/or healthcare institutions and/or medical professionals in the United States.

24. On information and belief, CTNA has infringed and continues to infringe the '584 patent literally and/or by equivalents under 35 U.S.C. § 271(g) by, among other things, importing, offering for sale, and selling within the United States BIOLOX® Delta ceramics manufactured by CeramTec GmbH outside of the United States, which manufacture by CeramTec GmbH would infringe the '584 patent if it occurred in the United States.

25. On information and belief, because CeramTec knew of the '584 patent at least as of December 8, 2005, knew that the '584 patent potentially covered BIOLOX® Delta ceramics, and previously recognized the value of the '584 patent family, CeramTec has ignored and/or

disregarded that CeramTec's actions constituted infringement of a valid patent and CeramTec continues to ignore and/or disregard an objectively high risk that CeramTec's actions constitute infringement of a valid patent.

26. On information and belief, at least as of the filing of this Complaint, CeramTec's infringement of the '584 patent is and has been willful and deliberate, and, further, CeramTec's continued infringement after the filing of this Complaint shall constitute willful and deliberate infringement of the '584 patent.

### DAMAGES AND RELIEF

27. As a consequence of CeramTec's infringement of the '584 patent, CeraMedic has been damaged in an amount not yet determined and will suffer additional irreparable damage unless CeramTec's infringing acts are enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, CeraMedic respectfully requests that the Court enter judgment against CeramTec:

A. Determining that CeramTec has infringed and continues to infringe one or more claims of the '584 patent;

B. Preliminarily and permanently enjoining CeramTec, its respective officers, agents, servants, directors, employees, and attorneys, and all persons acting in concert or participation with it, directly or indirectly, or any of them who receive actual notice of the judgment, from further infringing the '584 patent;

C. Ordering CeramTec to account for and pay to CeraMedic all damages suffered by CeraMedic as a consequence of CeramTec's infringement of the '584 patent, together with all pre-judgment and post-judgment interest and costs as fixed by the Court;

D.	Trebling or otherwise increasing CeraMedic's damages under 35 U.S.C. § 284 on the grounds that CeramTec's infringement of the '584 patent was deliberate and willful;

E.	Declaring that this case is exceptional and awarding CeraMedic its costs and reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

F.	Granting CeraMedic such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, CeraMedic hereby requests a trial by jury for all issues so triable.

Respectfully submitted,

NEXSEN PRUET, LLC

August 1, 2014

*s/ Timothy D. St.Clair*
Nexsen Pruet, LLC
Timothy D. St. Clair (Fed. ID # 4270)
    tstclair@nexsenpruet.com
Amy Allen Hinson (Fed. ID # 11703)
    aahinson@nexsenpruet.com
55 E. Camperdown Way, Suite 400
Greenville, South Carolina  29601
Telephone: (864) 282-1181
Facsimile: (864) 477-2634

ATTORNEYS FOR CERAMEDIC LLC

Of Counsel:
   John M. Desmarais
       jdesmarais@desmaraisllp.com
   Laurie Stempler
       lstempler@desmaraisllp.com
   Kevin K. McNish
       kmcnish@desmaraisllp.com
   DESMARAIS LLP
   230 Park Avenue
   New York, NY 10169
   Telephone: (212) 351-3400
   Facsimile: (212) 351-3401